UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AARON DAVID SACKS,

                Plaintiff,                NOT FOR PUBLICATION

      - against -

                                 **MEMORANDUM & ORDER**

SHOPRITE SUPERMARKETS,
                                  Case No. 15 CV 2469 (PKC)
                Defendants.

----------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

On April 28, 2015, Plaintiff Aaron David Sacks, appearing *pro se*, filed this action, pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, against his former employer, ShopRite Supermarkets. The Court grants plaintiff's request to proceed *in forma pauperis*. As set forth below, the complaint is dismissed in part, and Plaintiff is directed to show by written affirmation, filed within 30 days from the date of this order, why the Title VII claim should not be dismissed as time-barred.

## BACKGROUND

Plaintiff alleges that he was "forced to resign" based on bigotry and anti-Semitism. Plaintiff alleges that the discriminatory act occurred on May 30, 2011 and that he filed charges with the Equal Employment Opportunity Commission ("EEOC") on November 8, 2014. (Compl. at 3-4; Pl. Unmarked Exhibit, EEOC Intake Questionnaire at ECF 28–31).[1] On April 3, 2015, the EEOC issued a "Dismissal and Notice of Rights" informing plaintiff that his charge "was not timely filed with EEOC . . . ." (Compl., Pl. Unmarked Exhibit at ECF 45–46).

---

[1] "ECF" refers to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

1

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

However, under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

**DISCUSSION**

A.  **Age Discrimination in Employment Act ("ADEA")**

The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff must be "at least 40 years of age" to receive the protections of the statute. *Id.* at § 631(a). "It is well established that the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) applies to claims brought under the ADEA." *Delaney v. Bank of Am. Corp.,* 766 F.3d 163, 167 (2d Cir. 2014) (citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010)). In order to establish a prima facie case of age discrimination, the plaintiff must show that he was (1) within the protected age group; (2) qualified for the position; and (3) suffered a materially adverse employment action; (4) under circumstances giving rise to an inference of discrimination. *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 134 (2d Cir. 2000) (citations omitted). Here, Plaintiff's date of birth is September 24, 1980, which would have made him 30 years old at the time the discriminatory conduct occurred. Because Plaintiff is not within the protected age group, he fails to establish a prima facie case of age discrimination. Therefore, Plaintiff's ADEA claim is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

B.  **Title VII**

Under Title VII, a New York plaintiff must file an administrative claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); *see also Cetina v. Longworth*, 583 F. App'x 1, 2 (2d Cir. 2014) *cert. denied sub nom. Cetina v. Westchester Cnty.*, 135 S. Ct. 1531 (2015); *Hansen v. Danish Tourist*

*Bd.*, 147 F. Supp. 2d 142, 154–55 (E.D.N.Y. 2001) (citation omitted)). This statutory requirement effectively acts as a statute of limitations, and bars Title VII claims that are not timely filed with the EEOC. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir. 1996); *see also Cherry v. City of New York*, 381 F. App'x 57, 58 (2d Cir. 2010); *see Hansen*, 147 F. Supp. 2d at 155 (dismissing claims of discrimination as untimely where alleged acts occurred more than 300 days before plaintiff filed EEOC charge). The statute of limitations begins to run when each discriminatory act occurs. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002).

The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to follow the filing requirements of Title VII. *See Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). However, plaintiff has the burden to show that exceptional circumstances prevented him from filing the EEOC discrimination charge in order to apply equitable tolling to the 300-day filing period. *See id.; see also Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

Here, Plaintiff alleges that the discriminatory conduct occurred on May 30, 2011 and that he was forced to resign on June 2, 2011. (*See* Compl. at 3 and ¶ 5; Exhibit 2 at ECF 18). According to Plaintiff, he filed a charge of discrimination with the EEOC on August 8, 2014. (Compl. at 4). Therefore, Plaintiff's discrimination charge filed on August 4, 2014, based on discriminatory conduct that occurred on May 30, 2011 or June 2, 2011, is time-barred because

the charge was filed well beyond the 300-day period.[2] However, while Plaintiff's claims clearly fall outside the timely filing requirement, this deficit does not necessarily preclude adjudication of this suit if Plaintiff can show that he is entitled to equitable tolling. At present, Plaintiff provides no basis for equitable tolling of the 300-day filing period. Thus, the Court directs Plaintiff to show cause within 30 days of the date of this Order, by written affirmation, why his Title VII claims should not be dismissed as time-barred.

## **CONCLUSION**

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed in part with respect to his claim alleging age discrimination, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

As to Plaintiff's Title VII claims, he is hereby directed to show cause why the complaint should not be dismissed as time-barred by filing a written affirmation within 30 days of this Order (form attached hereto). No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until Plaintiff has complied with this Order. If Plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed in its entirety as set forth in this Order, and judgment shall enter. Plaintiff's affirmation shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's request for *pro bono* counsel is denied without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] Even if the Court considers the 300-day period to run from his filing of a discrimination charge with the New York State Division of Human Rights on November 16, 2012 (*see* Compl. at ECF 11–14), the charge was still filed outside of the 300-day filing period.

SO ORDERED.

                                                 */s/ Pamela K. Chen*
                                                 Pamela K. Chen
                                                 United States District Judge

Dated: May 21, 2015
       Brooklyn, New York