UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION
AARON DAVID SACKS,

                Plaintiff,  **MEMORANDUM & ORDER**
                                                                           15-CV-2469 (PKC)

                -against-

SHOPRITE SUPERMARKETS,

                Defendant.
----------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

On April 28, 2015, plaintiff Aaron David Sacks, appearing *pro se*, filed this action pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 against his former employer, ShopRite Supermarkets. By Memorandum and Order dated May 21, 2015 ("May Order"), the Court granted plaintiff's request to proceed *in forma pauperis,* dismissed the complaint alleging age discrimination, and directed plaintiff to show cause why the Title VII employment discrimination claim should not be dismissed as time-barred. On June 8, 2015, plaintiff filed an affirmation.

## BACKGROUND

Plaintiff alleges that he was "forced to resign" based on bigotry and anti-Semitism. Plaintiff further alleges that the discriminatory act occurred on May 30, 2011 and that he filed charges with the Equal Employment Opportunity Commission ("EEOC") on November 8, 2014. (Compl. at 3-4; Pl. Unmarked Exhibit, EEOC Intake Questionnaire at ECF 28-31).[1] On April 3,

---

[1] Citations to "ECF" pages refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

2015, the EEOC issued a "Dismissal and Notice of Rights" informing plaintiff that his charge "was not timely filed with EEOC . . . ."  (Compl., Pl. Unmarked Exhibit at ECF 45-46).

In his affirmation, plaintiff alleges that he "was overwhelmed . . . traumatized, confused and naive."  (Pl. Aff. at 1-2).  He further alleges that he "did not see the discrimination as it was happening to me because of my ignorance."  (*Id.* at 2).  Plaintiff includes correspondence to the Division of Human Rights, the Attorney General's Office, and his local assemblyman concerning the purported discrimination.  (Pl. Aff. at ECF 5-8).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint . . . ."  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

However, under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary

relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted).

## DISCUSSION

In the May Order, the Court dismissed plaintiff's Age Discrimination in Employment Act (ADEA) claim because a plaintiff must be "at least 40 years of age" to receive the protections of the ADEA. 29 U.S.C. §§ 623(a)(1), 631(a). Here, plaintiff's date of birth is September 24, 1980, which would have made him 30 years old at the time the discriminatory conduct occurred and therefore, plaintiff is not within the protected age group. As plaintiff failed to establish a *prima facie* case of age discrimination, his ADEA claim was dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

As to plaintiff's Title VII claim alleging employment discrimination based on his religion, the Court found that claim to be time-barred. Under Title VII, a New York plaintiff must file an administrative claim with the EEOC within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); *see also Cetina v. Longworth*, 583 F. App'x 1, 2 (2d Cir. 2014), *cert. denied sub nom. Cetina v. Westchester Cnty.*, 135 S.Ct. 1531 (2015); *Hansen v. Danish Tourist Bd.*, 147 F.Supp.2d 142, 154-55 (E.D.N.Y. 2001) (citation omitted). 1993)). This statutory requirement effectively acts as a statute of limitations and Title VII claims are barred by the failure to file a timely charge. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir. 1996); *see also Cherry v. City of New York*, 381 F. App'x 57, 58 (2d Cir. 2010). The statute of

limitations begins to run when each discriminatory act occurs. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002).

Here, plaintiff alleges that the discriminatory conduct occurred on May 30, 2011 and that he was forced to resign on June 2, 2011. (Compl. at 3, ¶ 5; Exhibit 2 at ECF 18). According to plaintiff, he filed a charge of discrimination with the EEOC on August 8, 2014. (Compl. at 4). Therefore, plaintiff's discrimination charge filed on August 4, 2014, based on discriminatory conduct which occurred on May 30, 2011 or June 2, 2011, is time-barred because the charge was filed well beyond the 300-day period.[2]

The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to follow the filing requirements of Title VII. *See Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). To that end, the Court directed plaintiff to show cause why his Title VII claim should not be dismissed as time-barred. (*See* May Order at ECF 4-5). However, plaintiff has failed to satisfy his burden to show that exceptional circumstances prevented him from filing the EEOC discrimination charge in order to apply equitable tolling to the 300-day filing period. Plaintiff basically relies on his ignorance of the law to explain his failure to file his Title VII charge within the 300 days from the date the discriminatory conduct occurred, which was either May 30, 2011 or June 2, 2011. (*See generally*, Pl. Aff.). However, ignorance of the law is not sufficient to justify

---

[2] Even if the Court considers the 300-day period to run from the date he filed a discrimination charge with the New York State Division of Human Rights, which was on November 16, 2012 (*see* Compl. at ECF 11-14), the charge was still filed outside of the 300-day filing period.

equitable tolling, *Antonmarchi v. Consolidated Edison Co. of New York, Inc.*, 514 F. App'x 33, 37 (2d Cir. 2013), nor can the 300-day filing period "be tolled or delayed pending the employee's realization that the conduct was discriminatory," *Miller,* 755 F.2d at 24; *see also Joseph v. Beth Israel Medical Center*, No. 13-CV-2961, 2014 WL 204483, at *5-6 (E.D.N.Y. Jan. 17, 2014) (denying equitable tolling and dismissing *pro se* plaintiff's employment discrimination complaint as time-barred). Because plaintiff fails to demonstrate that he is entitled to equitable tolling of the 300-day filing period, the Title VII claim is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, alleging employment discrimination under Title VII and the ADEA is dismissed in its entirety for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                */s/ Pamela K. Chen*
                                                Pamela K. Chen
                                                United States District Judge

Dated: July 6, 2015
      Brooklyn, New York